UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**NEWAGE PAINTING CORPORATION,**<br><br>Defendant. | Civil Action No. 2:17-cv-08032-KSH-CLW<br><br>OPINION |

**Introduction**

This matter comes before the Court on the unopposed motion of plaintiffs Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, et al. ("Plaintiffs") seeking to enforce and compel compliance with a post-judgment asset deposition and document production subpoena served by Plaintiffs upon defendant Newage Painting Corporation ("Defendant") [D.E. 20]. For the reasons stated below, the Court GRANTS Plaintiffs' motion.

**Background**

Plaintiffs brought this ERISA action in 2017 seeking to recover benefit contributions and related sums claimed owed to them by Defendant. D.E. 1. After Defendant failed to respond to the complaint, in July 2018 Plaintiffs obtained a default judgment against Defendant in the amount of $39,456.83. D.E. 9. In November 2020, Plaintiffs served a subpoena upon Defendant's president Rossiny Dacosta ("Dacosta"). D.E. 20-1, Exhibit A. The subpoena sought Dacosta's appearance for an asset deposition on January 12, 2021, and production of certain documents relating thereto by January 4, 2021. D.E. 20-1, Exhibit B. Dacosta failed to appear or produce any documents.

D.E. 20-1, Exhibit C. To date, Defendant has not complied with or objected to the subpoena, nor has it opposed the instant motion.

**Discussion**

FED. R. CIV. P. 69 states that "[i]n aid of [a money] judgment . . . the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). Because the federal rules do not provide a specific formula for obtaining post-judgment discovery, the Court looks to state law for procedural guidance on this point. See Dealer Comput. Servs. v. Dayton Ford, Inc., 2009 U.S. Dist. LEXIS 104954, at *3 (D.N.J. Nov. 9, 2009). Under New Jersey law, "[i]n aid of the judgment or execution, the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions". N.J. Court Rules, R. 4:59-1(f).

Because "[t]he Federal Rules of Civil Procedure are a federal statute for the purposes of Rule 69(a)", Sabol v. Brooks, 469 F. Supp. 2d 324, 327 (D. Md. 2006) (citing Travelers Indemnity v. Hash Mgmt., 173 F.R.D. 150, 153 (M.D.N.C. 1997)), they govern the subpoena procedure. FED. R. CIV. P. 69(a), supra; see, e.g.. First City, Texas Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002) ("Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure.") (citing FED. R. CIV. P. 69(a)).

FED. R. CIV. P. 45(a) allows for service of a subpoena by an attorney representing a party to a litigation seeking testimony and/or production of documents. See FED. R. CIV. P. 45(a)(3);

advisory committee's notes to 1991 amendments. A recipient may object to a request for documents "before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). A recipient may also move to quash the subpoena "[o]n timely motion," which is construed to mean before the date for compliance. Id. at (d)(3)(A); see Spring Pharm., LLC v. Retrophin, Inc., 2019 U.S. Dist. LEXIS 133316, at *17 (E.D. Pa. Aug. 7, 2019) (citing cases). A court may hold in contempt a person who has failed to comply with a duly issued subpoena or an order relating to it. FED. R. CIV. P. 45(g).

As noted, Plaintiffs obtained a default judgment nearly three years ago, and they now seek post-judgment discovery in aid of their efforts to collect on that judgment. Plaintiffs' subpoena contains the requisite information under Rule 45, is appropriate in scope, and was properly served upon Defendant.[1] D.E. 20-1, Exhibits A-B; see, e.g., Caisson Corp. v. County West Bldg. Corp., 62 F.R.D. 331, 334 (E.D. Pa. 1974) (under Rule 69(a), "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor") (citing authorities). Because Defendant has failed to timely object or move to quash the subpoena, and because Plaintiffs are justifiably seeking information to enable them to collect on their default judgment, Plaintiffs' motion is granted. An appropriate order follows.

Dated: March 23, 2021

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.

---

[1] Per the Court's Order, Plaintiffs have clarified that they provided Dacosta with the requisite witness fee under Fed. R. Civ. P. 45(b)(1) and 28 U.S.C. 1821. See D.E. D.E. 20-1 Exhibit A, 21, 22.